COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



RAYMOND MONTOYA, JR.,      §

           Appellant,      §

v.      §

THE STATE OF TEXAS,      §

           Appellee.      §

     §

No. 08-12-00305-CR

Appeal from the

409th District Court

of El Paso County, Texas

(TC#20100D00037)

## **O P I N I O N**

Appellant, Raymond Montoya, Jr., appeals from a judgment revoking his community supervision. In a single issue, Appellant contends the trial court erred in revoking his community supervision because insufficient evidence was presented at the revocation hearing. We affirm.

### **BACKGROUND**

In March 2010, pursuant to a plea bargain, Appellant pleaded guilty to the offense of theft, a third-degree felony. At that time, the trial court sentenced Appellant to ten years' confinement, but suspended the imposition of that sentence and placed Appellant on five years' community supervision, and assessed a $2,000 fine. The State subsequently moved to revoke Appellant's community supervision alleging Appellant had violated the conditions of his community supervision. After a revocation hearing, the trial court found Appellant violated the

conditions as alleged in all paragraphs of the State's "Third Amended Motion to Revoke Adult Probation," except paragraphs 3, 4, and 5.[1]   The trial court then revoked Appellant's community supervision, and imposed a sentence of nine years' confinement in the Texas Department of Criminal Justice Institutional Division.   This appeal followed.

## DISCUSSION

### *Revocation of Community Supervision*

In his sole issue on appeal, Appellant argues that "[t]he evidence presented against the Appellant amounted to insufficient conjecture and unproved evidence that was not sufficient to uphold the revocation."   The State claims Appellant's issue is inadequately briefed and should be overruled because Appellant failed to:   (1) set forth the standard of review for a revocation order, (2) discuss the State's burden of proof, (3) discuss any deficiencies in the State's evidence, or (4) discuss how the legal authorities cited in Appellant's brief apply to the facts of his case.   We agree with the State.

Appellant's entire argument consists of three conclusory sentences, which are without support of any citations to the record or legal analysis.[2]   Although Appellant cites to case law addressing the sufficiency of the evidence in revocation cases, he fails to provide any legal arguments based on that authority and does not apply the law to the facts in his case.   It is Appellant's burden to provide supporting argument, analyzing the case law cited and applying that law to the facts in his case.   *See* TEX. R. APP. P. 38.1(i) (providing that a brief must contain "a

---

[1]   The record reflects that the State abandoned paragraphs 4 and 5, and that the trial court found paragraph 3 to be not true.

[2]   Appellant argues: "The Appellant would assert to this Honorable Court that the evidence presented against the Appellant amounted to insufficient conjecture and unproved evidence that was not sufficient to uphold the revocation.   Specifically, the evidence against the Appellant of failure to identify fugitive and the evidence of assault were not proven and insufficient to demonstrate a revocation.   Further, of the time that Appellant was not in jail, the Appellant had little time to complete the conditions of probation."

clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *Rocha v. State*, 16 S.W.3d 1, 20 (Tex.Crim.App. 2000). We will not make Appellant's arguments for him. *Wyatt v. State*, 23 S.W.3d 18, 23 n.5 (Tex.Crim.App. 2000).

Because Appellant's issue merely utters brief conclusory statements and fails to provide any substantive analysis or legal argument as required by the rules of appellate procedure, we conclude the issue has been inadequately briefed, and therefore, nothing has been presented for our review. *See* TEX. R. APP. P. 38.1(i); *Swearingen v. State*, 101 S.W.3d 89, 100 (Tex.Crim.App. 2003) (concluding issue was inadequately briefed because appellant did not apply law to facts); *Wood v. State*, 18 S.W.3d 642, 650-51 (Tex.Crim.App. 2000) (concluding appellant waived issue by failing to adequately develop argument); *Narvaiz v. State*, 840 S.W.2d 415, 432 (Tex.Crim.App. 1992) (concluding issue inadequately briefed when appellant offered no argument for issue raised). Issue One is overruled.

## CONCLUSION

Based on the foregoing, we overrule Appellant's sole issue on appeal, and affirm the trial court's judgment.


GUADALUPE RIVERA, Justice

April 9, 2014

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

3